## E. R. TAYLOR *v.* THE STATE.

1. JUDGMENT. — In a misdemeanor case a jury was waived and the cause submitted to the court on pleas of former conviction and not guilty. The court adjudged the defendant guilty, without expressly finding against the plea of former conviction; and the judgment, on appeal, is sustained. But if the trial had been by a jury, an express finding on the plea of former conviction would have been necessary.

2. FORMER CONVICTION. — To maintain a plea of former conviction, the accused must, in his plea and by his evidence, identify the charge on trial with the offense previously adjudicated.

APPEAL from the County Court of Grayson. Tried below before the Hon. A. E. WILKINSON, County Judge.

The offense charged was exhibiting a bank for gaming.

*Hare & Head*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J. The appellant seeks a reversal of the

judgment rendered against him in the County Court, on the following assignment of errors:

" 1. The court erred in failing to find whether the defendant's plea of former conviction was true or untrue.

" 2. The court erred in finding the defendant guilty upon evidence which included the time included in a former trial, and in which former trial no particular time was proved, only from January 1st to March 1st, inclusive.

" 3. The court erred in finding the defendant guilty, and in overruling the defendant's motion for a new trial."

With reference to the first alleged error, it is simply necessary to say that the record shows that " both parties announced ready for trial, waive a jury, and submit the case to the court; and the court, after hearing defendant's plea of not guilty and plea of former conviction herein, the evidence adduced, and argument of counsel, doth find defendant guilty, and assess his punishment at a fine of fifty dollars."

A jury having been waived, and the case having been submitted to the court on the plea of not guilty and the plea of former conviction, and the record disclosing the fact that the plea of former conviction was before the court, and evidence taken under it, and the fact that the court, having the whole case before it, found against the accused as to his plea of not guilty, we must presume in favor of the judgment, there being nothing in the record to show the contrary — that, in the opinion of the court, the plea of former conviction was not sustained by the testimony. This presumption must be indulged for the reason that, if the plea of former conviction had been sustained, the court could not have found the accused guilty on his other plea of not guilty.

If the case had been tried by a jury, a finding on the plea of former conviction would have been necessary to

enable the court to determine whether the evidence sustained the plea or not; but, being tried without the intervention of a jury, it was not necessary for the court to say what the evidence showed and what it did not show. The record shows what was before the court, and its conclusions are embodied in the judgment disposing of the matters before it. It may not be amiss to add that the evidence justified the court in ignoring or finding against the plea of former conviction.

The proposition of law embraced in the second assignment of error, and insisted upon in argument, amounts to simply this: that a person legally convicted of a given offense, at any period within which a prosecution would be barred, could not be legally tried for a similar offense alleged to have been committed within the same period, unless the prosecution was confined to some particular day or period of time.

The fallacy of the position contended for arises from not bearing in mind the distinction between the latitude allowed the State in proving the offense, and that required of the defendant in introducing evidence to show that he has before been tried and either convicted or acquitted of the same offense charged against him subsequently to such acquittal or conviction. Whilst the State, in proving the commission of an offense, is only limited by the time in which by law the given offense must be prosecuted, the accused is held, in order to protect himself on the ground of a former acquittal or conviction, to identify, by pleading and evidence, the charge upon which he is proposed to be tried with the offense which he claims has already been adjudicated and settled.

We are of opinion that the case of *Campbell* v. *The State*, 2 Texas Ct. App. 187, is decisive of all the material questions involved in the present case, and which are now too well established to require a further reference to authority.

The propositions embraced in the third assignment of error have been considered in disposing of the other two assignments, so far as deemed important.

The proceedings appear to have been conducted with sufficient regularity; the evidence is sufficient to support the finding of the court. No error is perceived which would warrant a reversal, and, therefore, the judgment is affirmed.

*Affirmed.*